**SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY**

| | |
|---|---|
| TINA SHEPARD, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE OF OREGON, INC., and DOES I – III,<br><br>    Defendants. | No.<br><br>COMPLAINT |

## I. PARTIES

1. Tina Shepard resides in King County, Washington.

2. Defendant UnitedHealthcare of Oregon, Inc. ("UHC") is a foreign insurer authorized to conduct business in Washington with its principal place of business in Lake Oswego, Oregon.

3. Does I – III are individuals or entities involved in processing payments for premiums from Shepard to UHC. Their identities are unknown but expected to be ascertained through discovery.

COMPLAINT
(No. ) - 1

Ruiz & Smart LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

4. Defendants are vicariously liable for the acts and omissions of their employees and agents, including any outside person or entity to whom defendants assigned claims-handling or investigative responsibilities.

## II.     JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction under RCW 2.08.010.

6. This Court has personal jurisdiction over Defendants.

7. Venue is proper in this Court under RCW 4.12.020 because the cause of action arose in this County.

## III.    CONDITIONS PRECEDENT

8. All conditions precedent were performed or have occurred.

## IV.    FACTUAL ALLEGATIONS

9. This lawsuit concerns one of the most critical products American families purchase: health insurance.

10. Shepard is a breast cancer survivor and mother. She and her children rely on health coverage for important medical care and to provide peace of mind so that they know the family can avoid financial catastrophe in the event a family member suffers a serious illness or injury.

11. For many years, Shepard purchased health insurance coverage from UHC through Washington's insurance exchange.

12. Shepard faithfully paid premiums to UHC for health coverage through automatic credit card payments.

13. When Shepard renewed her coverage with UHC each year during open enrollment, UHC would continue charging each month's premium to her credit card.

14. In late 2023, Shepard again renewed her coverage with UHC.

15. When she renewed her coverage in late 2023, UHC sent Shepard an email stating: "Your 2024 monthly premium is here…Since you're enrolled in Autopay, ***you don't have to do anything extra*** to renew your coverage for 2024. ***Autopay will automatically update to your new rate***." (emphasis added). A copy of this email is attached as Exhibit A hereto.

16. Throughout early 2024, Shepard continued to receive ongoing medical treatment for breast cancer.

17. In May, 2024, Shepard was standing in her doctor's office when she was told that she would have to pay out of pocket for that day's cancer scan because, purportedly, she had no health insurance.

18. This shocked and scared Shepard, who called UHC immediately.

19. UHC told Shepard that her coverage had terminated effective February 29, 2024 because, UHC claimed, she had failed to pay her January 2024 premium.

20. UHC charged Shepard's credit card for premium payments for February, March, April and May 2024.

21. Shepard had no idea that UHC had not charged her credit card for the January 2024 premium payment.

22. Shepard received no notice in the mail about any outstanding premium for January 2024.

23. Shepard has spent many hours on the phone with UHC attempting to determine why UHC did not charge her credit card for the January 2024 premium payment.

24. UHC has never explained why it declined to charge Shepard's credit card for the January 2024 premium payment.

25. UHC has refused to reinstate Shepard's insurance coverage.

26. Without health coverage, Shepard has been forced to forgo medically necessary treatment like MRIs and future cancer screenings.

27. Lacking health coverage has terrified Shepard that her children might become injured or ill and require medical attention at unaffordable cost.

28. Ultimately, Shepard was forced to purchase new health insurance for her family at substantially increased premiums.

## V. CAUSES OF ACTION

### CLAIM NO. 1. BREACH OF FIDUCIARY DUTY

29. Shepard incorporates all the preceding paragraphs as if fully set forth herein.

30. In holding Shepard's premiums, Defendants acted as fiduciaries.

31. Defendants had a duty to place Shepard's interests above those of Defendants.

32. By accepting premiums after January 2024 yet failing to apply those premiums to avoid a forfeiture of coverage, Defendants breached their fiduciary duties to Shepard.

33. Defendants' conduct proximately caused damage to Shepard.

### CLAIM NO. 2. VIOLATION OF DUTY OF GOOD FAITH

34. Shepard incorporates all the preceding paragraphs as if fully set forth herein.

35. Defendants violated the insurer's duty of good faith.

COMPLAINT
(No. ) - 4

Ruiz & Smart LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

36. Defendants' conduct as alleged throughout this Complaint was unreasonable and in bad faith.

37. Shepard sustained damage as a result of Defendants' conduct.

38. Defendants are liable for plaintiffs' consequential economic and noneconomic damages in addition to reasonable attorney fees and costs.

**CLAIM NO. 3. CONSUMER PROTECTION ACT (CPA), RCW 19.86.090 AND INSURANCE CODE**

39. Shepard incorporates all the preceding paragraphs as if fully set forth herein.

40. As alleged throughout this Complaint, Defendants engaged in unfair or deceptive acts or practices.

41. Defendants' conduct occurred in trade or commerce.

42. Defendants acted in bad faith.

43. Defendants' conduct affected the public interest.

44. Defendants' conduct caused injury to Shepard's "business or property," as those terms are defined for purposes of the CPA.

45. Shepard sustained damage as a result of Defendants' conduct.

46. In addition to damages, Defendants are liable for attorney fees and costs under RCW 19.86.090.

47. The Court should order Defendants to pay enhanced damages under RCW 19.86.090.

**CLAIM NO. 4. INJUNCTION**

48. Shepard incorporates all the preceding paragraphs as if fully set forth herein.

49. Shepard asserts a claim for injunctive relief.

50. The Court should enjoin defendant from further acts that violate the Washington Administrative Code, the Insurance Code, or the CPA. The Court should require Defendants to enact procedures by which UHC would live up to its legal obligations to policyholders. Under CR 65, Shepard is not required to articulate the specific terms of the injunction until the time of judgment. Nonetheless, appropriate injunctive relief could include a mandate for new training, guidelines, and supervision and the appointment of a special master for a limited time to oversee the implementation of such a mandate.

51. Defendants are liable for reasonable attorney fees and costs under RCW 19.86.090.

### CLAIM NO. 5. NEGLIGENCE

52. Shepard incorporates all the preceding paragraphs as if fully set forth herein.

53. Defendants had a duty to exercise reasonable care in processing premium payments and notifying Shepard of their failure to charge the January 2024 payment.

54. Defendants failed to act with reasonable care as described throughout this Complaint.

55. Defendants' failure to act with reasonable care proximately caused harm to Shepard in an amount to be proven at trial.

### CLAIM NO. 6. ESTOPPEL/WAIVER

56. Shepard incorporates all the preceding paragraphs as if fully set forth herein.

57. Defendants collected premiums by charging Shepard's credit card for years.

COMPLAINT
(No. ) - 6

Ruiz & Smart LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

58. Defendants established a course of conduct of charging Shepard's credit card for each month's premium.

59. Having failed inexplicably to charge Shepard's credit card for the January 2024 premium, Defendants are estopped from leveraging that failure to cancel Shepard's coverage and/or waived their right to rely on this basis to cancel coverage.

## RELIEF REQUESTED

60. WHEREFORE, Shepard requests that this Court:

- Enter a money judgment against Defendants in the amount we will prove;
- Enter appropriate injunctive or other equitable relif;
- Award enhanced damages under the CPA;
- Award costs, disbursements, and attorney fees to the maximum extent authorized by law, including under the CPA;
- Otherwise award Shepard's attorney fees and costs; and
- Award such other relief as is just and proper.

RESPECTFULLY SUBMITTED this 15th day of August 2024.

**RUIZ & SMART LLP**

By: s/Isaac Ruiz
Isaac Ruiz, WSBA #35237
iruiz@ruizandsmart.com
McKean J. Evans, WSBA #52750
mevans@ruizandsmart.com

***Counsel for Tina Shepard***

# EXHIBIT A

**From:** UnitedHealthcare Individual & Family Plan
<uhc_individualandfamilyplan@coverage.unitedhealthcare.com>
**Sent:** Wednesday, December 13, 2023 4:04 PM
**To:** TINASHEPARD@MSN.COM <TINASHEPARD@MSN.COM>
**Subject:** Here's your 2024 health plan premium



View as webpage | En Español

## Your 2024 monthly premium is here

Sign in to your account and take a look at your new 2024 premium today. Make sure your household and income information is accurate within your application. You may qualify for subsidies that make your plan cost less if things have changed since last year.

**See your 2024 plan information**



## Next steps

Since you're enrolled in Autopay, you don't have to do anything extra to renew your coverage for 2024. Autopay will automatically update to your new rate.

Keep an eye on your mailbox for your Renewal Kit and new health plan ID card.



## We're always here to help

We're here to help you navigate your health plan with 1-on-1 support so you can use all your plan benefits and resources with confidence.

Call 1-888-832-0969, TTY **711**, or visit myuhc.com/exchange to chat with a member service advocate today.

**myuhc.com/exchange**

Medical plan coverage offered by UnitedHealthcare of Oregon, Inc. Administrative Services provided by United Healthcare Services, Inc. or their affiliates.

**Support Hours:** Chat with a UnitedHealthcare member services advocate from 9 a.m. to 6 p.m. CST, available Monday - Friday.

Medical plan coverage offered by: UnitedHealthcare® of Arizona, Inc.; Rocky

Mountain Health Maintenance Organization Incorporated in CO; UnitedHealthcare of Florida, Inc.; UnitedHealthcare of Georgia, Inc; UnitedHealthcare of Illinois, Inc.; UnitedHealthcare Insurance Company in AL, KS, LA, MO, NJ, and TN; Optimum Choice, Inc. in MD and VA; UnitedHealthcare Community Plan, Inc. in MI; UnitedHealthcare of Mississippi, Inc.; UnitedHealthcare of New Mexico, Inc.; UnitedHealthcare of North Carolina, Inc.; UnitedHealthcare of Ohio, Inc.; UnitedHealthcare of Oklahoma, Inc.; UnitedHealthcare of South Carolina, Inc.; UnitedHealthcare of Texas, Inc.; UnitedHealthcare of Oregon, Inc. in WA; and UnitedHealthcare of Wisconsin, Inc. Administrative services provided by United HealthCare Services, Inc. or its affiliates.

The benefits described may not be offered in all plans or in all states. Some plans may require copayments, deductibles and/or coinsurance for these benefits. This policy has exclusions, limitations, reductions of benefits, and terms under which the policy may be continued in force or discontinued. For costs and complete details of the coverage, review your plan documents, call or write your insurance agent or the company, whichever is applicable. Plan specifics and benefits vary by coverage area and by plan category. Please review plan details to learn more.

You have received this message because you are a UnitedHealthcare Individual & Family plan member and have agreed to receive information. To contact UnitedHealthcare, please call the number on the back of your health plan ID card. Please do not reply directly to this automated email, as this email inbox is not being monitored.

Non-Discrimination and Language Assistance Notices

This email was sent to: TINASHEPARD@MSN.COM

This email was sent by:
United HealthCare Services, Inc.
9800 Health Care Lane Minnetonka, MN, 55343

Unsubscribe • Privacy

© 2023 United HealthCare Services, Inc. All rights reserved.
CST36580