UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINA SHEPARD,<br><br>     Plaintiff,<br><br> v.<br><br>UNITEDHEALTHCARE OF OREGON, INC., and DOES I–III,<br><br>     Defendant. | CASE NO. 2:24-cv-01495-MJP<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION |

 This matter comes before the Court on Defendant United Healthcare of Oregon's Motion for Reconsideration. (Dkt. No. 21.) Having reviewed the Motion and all supporting materials, the Court GRANTS IN PART Defendant's Motion.

 On November 27, 2024, the Court issued its Order Denying Motion to Continue Reply Deadline. (Dkt. No. 20.) In that order, the Court found there was no good cause to extend Defendant's deadline to file a reply brief in support of their pending motion to dismiss. Specifically, the Court declined to adopt the Parties' suggestion that "the holidays, and the

1  [P]arties' ongoing productive attempts to determine the most efficient way forward in this case,"
2  constituted good cause to grant Defendant an extra three weeks in which to file its reply. (Id.)

3      Defendant now seeks reconsideration of the Court's order. Such motions are disfavored
4  in this district and will be ordinarily denied "in the absence of a showing of manifest error in the
5  prior ruling or a showing of new facts or legal authority which could not have been brought to its
6  attention earlier with reasonable diligence." LCR 7(h)(1). However, the Court has the inherent
7  power to control its own docket. See Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404
8  (9th Cir. 2010).

9      Defendant argues that "the parties had every reason to believe the Court would grant their
10 further November 22 stipulation," because the Court had granted a previous motion "on the same
11 grounds." (Mot. at 3.) The Court disagrees. First, Defendant must take to heart that timelines set
12 by the Court, the Federal Rules of Civil Procedure, and the Local Rules of the United States
13 District Court for the Western District of Washington remain in place unless and until they are
14 lifted by order of the Court. Second, Defendant, and litigants generally, should not assume that
15 the Court will accede to their extension requests simply because it has done so in the past. A
16 freshly made excuse is not necessarily as palatable when reheated. Third, the Court notes that
17 Defendant's motion for reconsideration provides new argument regarding the timing of previous
18 orders and discussions among the Parties regarding when and if an extension was necessary.
19 (Mot. at 2 (admitting that the Parties had discussed requesting an extension to both the
20 opposition and reply deadlines but decided against doing so because the opposition "did not need
21 significant reworking" from the previously-filed version).) In the future, the Parties are advised
22 to present the Court with a fulsome record in support of a showing of good cause; expecting
23 adoption of the bare minimum is a risky proposition.

24

Defendant next argues that it is "substantially prejudice[d]" by the Court's denial of its request to extend the reply deadline. (Mot. at 3.) Again, the Court disagrees. It is up to counsel, not the Court, to manage its own deadlines. This is a professional requirement and does not diminish due to an imminent holiday. (See, e.g., Mot. at 2–3.) And as the Court pointed out in its order: while Defendant's reply is due today, the legal holiday starts tomorrow. (See Dkt. No. 20 at 2 (citing 5 U.S.C. § 6103.).)

Satisfied that the Parties will approach future extension requests in a more discerning manner, the Court sees fit to GRANT Defendant's motion IN PART. The Court ORDERS that Defendant is to file their reply brief in support of their pending motion to dismiss by December 4, 2024.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 27, 2024.

Marsha J. Pechman
United States Senior District Judge